**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4763**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

STEPHEN BRENT HIMES,

        Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Louise W. Flanagan, Chief District Judge. (5:10-cr-00026-FL-1)

Submitted: February 22, 2011      Decided: March 17, 2011

Before KING, KEENAN, and WYNN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. Tobin Webb Lathan, OFFICE OF THE UNITED STATES ATTORNEY, Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Brent Himes pleaded guilty, pursuant to a written plea agreement, to armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d) (2006). He was sentenced to ninety-five months' imprisonment. On appeal, Himes' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but questions whether the district court erred in giving adequate consideration to the impending recency amendment to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.1 (2009). Himes has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal of Himes' sentence based upon a waiver of appellate rights in his plea agreement.

Pursuant to a plea agreement, a defendant may waive his appellate rights. United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Manigan, 592 F.3d at 626.

An appellate waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal. Id. at 627. To determine whether a waiver is knowing and

2

intelligent, this court examines the totality of the circumstances. Id. Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. Id.; United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). Here, the magistrate judge complied with the requirements of Fed. R. Crim. P. 11. The magistrate judge ensured that Himes had read the plea agreement, that counsel explained it to him, and that he understood the consequences of the waiver of appellate rights set forth in the agreement.

Accordingly, we grant the Government's motion to dismiss Himes' appeal of his sentence and dismiss the appeal in part. In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal that are not encompassed by the appeal waiver. We therefore affirm Himes' conviction.

This court requires that counsel inform Himes, in writing, of the right to petition the Supreme Court of the United States for further review. If Himes requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Himes. We dispense with

3

oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>